UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| WILLIAM H.G. HUNT, SR. | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 1:13CV952-JCC/TCB |
| | ) |
| CALHOUN COUNTY BANK, INC., | ) |
| and JAMES L. BENNETT | ) |
| | ) |
| Defendants | ) |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Pursuant to Rules 9(b), 12(b)(2) and (6), F. R. Civ. P, and Local Rule 7, defendants Calhoun County Bank, Inc. ("Calhoun County Bank" or "Bank") and James L. Bennett ("Mr. Bennett" together, "Defendants"), hereby move to dismiss the Complaint filed by William H.G. Hunt ("Plaintiff") on the grounds that the Court lacks personal jurisdiction over Defendants and the Complaint is time barred.

Calhoun County Bank and Mr. Bennett are not subject to personal jurisdiction in the Commonwealth of Virginia. Plaintiff fails to state *a prima facie* case of personal jurisdiction over Defendants either under Virginia's statutory long-arm standard, Virginia Code Section 8.01-328.1, or under the constitutional "minimum contacts" standard.

Plaintiff filed an essentially identical lawsuit against Mr. Bennett and Calhoun County Bank in the Loudoun County Circuit Court more than six (6) years ago. Parties engaged in motion practice and the state court granted jurisdictional discovery to Plaintiff. In February of 2013, after 6 year of state court litigation, Plaintiff filed a motion for non-suit that was granted. Because Plaintiff's cause of action arose more than 6 years ago and Virginia law only extends

the statute following a non-suit if a plaintiff re-files in the same court, Plaintiff's claims are time barred.

If the Court finds that Plaintiff's claims are timely and that it has jurisdiction over the Defendants, Count II (actual and constructive fraud) should be dismissed for failure to state a claim because Plaintiff failed to plead fraud with particularity and because Plaintiff's fraud claims relate solely to the purported oral contract, and Plaintiff failed to identify an independent duty on the part of Mr. Bennett. Thus, the alleged fraud and constructive fraud claims are contractual and do not sound in tort. .

Defendants also incorporate by reference herein those issues raised in their Memorandum of Points and Authorities filed in support of the instant motion.

Respectfully submitted,

Dated: December 23, 2013

\_\_\_/s/_____
Kevin B. Bedell (Va. Bar No. 30314)
E-mail: bedellk@gtlaw.com
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Tel: (703) 749-1339
Fax: (703) 714-8339

Sanford M. Saunders, Jr. (*pro hac vice* forthcoming)
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Tel: (202) 331-3100
Fax: (202) 331-3101

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of December, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Stephanie S. Ryan, Esq.
>Ryan Law PLLC
>5476 Union Mill Rd. #120
>Clifton, VA 20124
>sryan@ryanlawpllc.com
>
>*Attorney for Plaintiff*

>\_\_\_/s/_____
>Kevin B. Bedell (Va. Bar No. 30314)
>E-mail: bedellk@gtlaw.com
>Greenberg Traurig, LLP
>1750 Tysons Boulevard, Suite 1200
>McLean, VA 22102
>Tel: (703) 749-1339
>Fax: (703) 714-8339
>
>*Counsel for Defendants*